IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>REZA LANKARANI, and<br>FARAH PAKSERESHT,<br><br>    Defendants. | Civil Action No. 1:17-cv-3588 |

## DEFENDANT REZA LANKARANI'S ANSWER,

## AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Reza Lankarani, by counsel, hereby answers plaintiff's Complaint filed in Hamilton County Court in the State of Indiana on September 18, 2017, Cause No. 29D02-1709-CC-008643, removed to this court on October 6, 2017, as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit that the terms of the Note speak for themselves. Otherwise, denied.

5. Admit that the Automobile Corporation entered into a Demand Promissory Note and Loan and Security Agreement, a copy of which is attached as Exhibit A to the Complaint (the "Note"), the terms of which speak for themselves. Otherwise, denied.

6. Admit that the terms of the Note speak for themselves. Otherwise, denied.

7. Admit that Reza Lankarani ("Lankarani") signed the guaranty attached as Exhibit B to the Complaint (the "Lankarani Guaranty"), the terms of which speak for themselves.

8. These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the guaranty attached as Exhibit C to the Complaint (the "Pakseresht Guaranty") speak for themselves.

9. Admit.

10. Admit.

11. Admit.

12. Deny.

13. Deny.

14. Admit.

15. Deny.

### COUNT I---BREACH OF GUARANTY---REZA LANKARANI

16. Lankarani adopts his responses to paragraphs 1-15 of the Complaint in their entirety.

17. Admit that NextGear Capital, Inc. ("NextGear"), required Lankarani to execute the Lankarani Guaranty as a condition of NextGear extending credit to the Automobile Corporation doing business as Oregon Auto Center ("Oregon Auto"). Admit that the terms of the Lankarani Guaranty speak for themselves. Otherwise, denied.

18. Admit that the terms of the Lankarani Guaranty speak for themselves.

19. Admit that the terms of the Lankarani Guaranty speak for themselves.

20. Admit that Oregon Auto is in default under the Note and that there are unpaid amounts due and owing. Admit that Lankarani guaranteed Oregon Auto's obligations under the Note. Deny that Lankarani owes the full amount claimed by NextGear.

21. Lankarani lacks information necessary to confirm or deny these allegations, and therefore denies them

22. These allegations are legal conclusions, and therefore no response is required. To the extent a response is required, Lankarani lacks information necessary to confirm or deny these allegations, and therefore denies them

## COUNT II----BREACH OF GUARANTY---FARAH PAKSERESHT

23. Lankarani adopts his responses to paragraphs 1-22 of the Complaint in their entirety.

24. Admit that as the wife of the sole shareholder of the Automobile Corporation, Pakseresht was required to execute the Pakseresht Guaranty as a condition of NextGear extending credit to Oregon Auto. Admit that the terms of the Pakseresht Guaranty speak for themselves. Otherwise, denied.

25. These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the Pakseresht Guaranty speak for themselves.

26. These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the Pakseresht Guaranty speak for themselves.

27. Lankarani admits that Oregon Auto is in default under the Note and that there are unpaid amounts due and owing by Oregon Auto. Lankarani admits that the Pakseresht Guaranty was obtained in violation of the Equal Credit Opportunity Act, 15 USC § 1691, *et seq.* ("ECOA") and Regulation B, 12 CFR § 202 ("Regulation B"). Otherwise, denied.

28. Lankarani lacks information necessary to confirm or deny these allegations, and therefore denies them.

29. These allegations are legal conclusions, and therefore no response is required. To the extent a response is required, Lankarani lacks information necessary to confirm or deny these allegations, and therefore denies them.

## COUNT III---CONVERSION---REZA LANKARANI

30. Lankarani adopts his responses to paragraphs 1-29 of the Complaint in their entirety.

31. Lankarani admits that the terms of the Note speak for themselves. Otherwise, denied.

32. Lankarani admits that Oregon Auto did not immediately deliver to NextGear the proceeds for some vehicles purchased with NextGear funds as required by the terms of the Note. Otherwise, denied.

33. Admit.

34. Admit.

35. Deny.

36. Deny.

37. These allegations are legal conclusions, and therefore no response is required. To the extent a response is required, denied.

38. Deny.

39. Deny.

40. Except as expressly admitted herein, Lankarani denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

41. Plaintiff has failed to mitigate its damages by allowing the practice of selling out of trust, by causing vendors and lending institutions to cease business transactions with Oregon Auto thereby precluding Oregon Auto's ability to pay NextGear, by causing transactions for the sale of NextGear collateral vehicles to unwind, and by selling repossessed vehicles for less than the amount Oregon Auto could have obtained for them and for less than fair market value.

### SECOND AFFIRMATIVE DEFENSE

(Estoppel)

42. Due to, among other things, NextGear's actions as set forth in paragraph 41, NextGear is estopped from asserting its rights under the Lankarani Guaranty.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

43. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

(Unconscionability)

44. The Lankarani Guaranty is unenforceable, in whole or in part, as unconscionable.

## COUNTERCLAIM

(Accounting)

45. Lankarani is entitled to a full accounting from NextGear with supporting details for any and all amounts claimed by NextGear including but not limited to amounts claimed under the Note, the Lankarani Guaranty, or any alleged claim of conversion.

46. Lankarani is also entitled to a full accounting of any collateral repossessed by NextGear, including but not limited to the proceeds of the disposition of any such collateral.

## RESERVATION OF RIGHTS

47. Lankarani reserves his right to allege additional affirmative defenses and counterclaims should they become apparent.

WHEREFORE, Lankarani respectfully requests that the court enter a judgment in his favor as follows:

A. Dismissing NextGear's claims with prejudice;

B. Ordering NextGear to provide a full accounting; and

C. Any such other relief as the court deems just and equitable.

Respectfully submitted this 13th day of October, 2017.

>  */s/ Stephen E. Arthur*
>  Stephen E. Arthur, #4055-49
>  Charles E. Oswald, #27279-49
>  HARRISON & MOBERLY, LLP
>  10 West Market Street, Suite 700
>  Indianapolis, Indiana  46204
>  Telephone:   (317) 639-4511
>  Facsimile:   (317) 639-9565
>  Email:  sarthur@harrisonmoberly.com
>              coswald@harrisonmoberly.com
>  *Attorneys for Defendants Reza Lankarani and Farah Pakseresht*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 13th day of October, 2017, a copy of the foregoing Defendant Reza Lankarani's *Answer, Affirmative Defenses, and Counterclaim* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further hereby certify that on October 13th, 2017, a copy of the foregoing Notice of Appearance was mailed, by first-class U.S. Mail, postage prepaid and addressed, to the following:

Michael G. Gibson
Amanda D. Stafford
1320 City Center Drive, Suite 100
Carmel, Indiana 46032
*Attorneys for NextGear Capital, Inc.*

>   */s/ Stephen E. Arthur*
>   Stephen E. Arthur, #4055-49
>   Charles E. Oswald, #27279-49
>   HARRISON & MOBERLY, LLP
>   10 West Market Street, Suite 700
>   Indianapolis, Indiana  46204
>   Telephone:   (317) 639-4511
>   Facsimile:   (317) 639-9565
>   Email:  sarthur@harrisonmoberly.com
>       coswald@harrisonmoberly.com
>
>   *Attorneys for Defendants Reza Lankarani and Farah Pakseresht*