IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> REZA LANKARANI, and <br> FARAH PAKSERESHT, <br><br> Defendants. | Civil Action No. 1:17-cv-3588 <br><br><br><br> JURY TRIAL REQUESTED |

## DEFENDANT FARAH PAKSERESHT'S ANSWER,

## AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL

Defendant Farah Pakseresht, by counsel, hereby answers plaintiff's Complaint filed in Hamilton County Court in the State of Indiana on September 18, 2017, Cause No. 29D02-1709-CC-008643, removed to this court on October 6, 2017, as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit that the terms of the Note speak for themselves. Otherwise, denied.

5. Admit that the Automobile Corporation entered into a Demand Promissory Note and Loan and Security Agreement, a copy of which is attached as Exhibit A to the Complaint (the "Note"), the terms of which speak for themselves. Otherwise, denied.

6. Admit that the terms of the Note speak for themselves. Otherwise, denied.

7. These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the guaranty attached as Exhibit B to the Complaint (the "Lankarani Guaranty") speak for themselves.

8. Admit that Farah Pakseresht ("Pakseresht") was compelled to sign the guaranty attached as Exhibit C to the Complaint (the "Pakseresht Guaranty"), the terms of which speak for themselves.

9. Admit.

10. Admit.

11. Admit.

12. Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

13. Deny.

14. Admit.

15. Deny.

**COUNT I---BREACH OF GUARANTY---REZA LANKARANI**

16. Pakseresht adopts her responses to paragraphs 1-15 of the Complaint in their entirety.

17. These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

18.     These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the Lankarani Guaranty speak for themselves. Otherwise, denied.

19.     These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the Lankarani Guaranty speak for themselves. Otherwise, denied.

20.     These allegations are directed to another party and therefore no response is required. To the extent a response is required, the terms of the Lankarani Guaranty speak for themselves. Otherwise, denied.

21.     These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

22.     These allegations are directed to another party and/or are legal conclusions, and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

**COUNT II----BREACH OF GUARANTY---FARAH PAKSERESHT**

23.     Pakseresht adopts her responses to paragraphs 1-22 of the Complaint in their entirety.

24.     Admit that as the wife of the sole shareholder of the Automobile Corporation, Pakseresht was required to execute the Pakseresht Guaranty in favor of NextGear Capital, Inc. ("NextGear"), as a condition of NextGear extending credit to the Automobile Corporation doing business as Oregon Auto Center ("Oregon Auto") and that Pakseresht received no consideration

for executing the Pakseresht Guaranty. Admit that the terms of the Pakseresht Guaranty speak for themselves. Otherwise, denied.

25. Admit that the terms of the Pakseresht Guaranty speak for themselves.

26. Admit that the terms of the Pakseresht Guaranty speak for themselves.

27. Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

28. Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

29. These allegations are legal conclusions, and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

## COUNT III---CONVERSION---REZA LANKARANI

30. Pakseresht adopts her responses to paragraphs 1-29 of the Complaint in their entirety.

31. These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht admits that the terms of the Note speak for themselves. Otherwise, denied.

32. These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

33. These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

34. Admit.

35. These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

36. These allegations are directed to another party and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

37. These allegations are directed to another party and/or are legal conclusions, and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

38. These allegations are directed to another party and/or are legal conclusions, and therefore no response is required. To the extent a response is required, Pakseresht denies the allegations.

39. These allegations are directed to another party and/or are legal conclusions, and therefore no response is required. To the extent a response is required, Pakseresht lacks information necessary to confirm or deny these allegations, and therefore denies them.

40. Except as expressly admitted herein, Pakseresht denies each and every allegation in the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL
## AFFIRMATIVE DEFENSES AND COUNTERCLAIM

41. Lankarani is and has always been the sole owner of Oregon Auto.

42. Pakseresht is and at all relevant times has been the wife of Lankarani.

43. Pakseresht has never owned an interest in Oregon Auto.

44. Pakseresht has never participated in the operations of Oregon Auto.

45. NextGear was at all relevant times a creditor who extended credit to Oregon Auto.

46. Pakseresht became an applicant for credit under the Equal Credit Opportunity Act, 15 USC § 1691, *et seq.* ("ECOA") and Regulation B, 12 CFR § 202 ("Regulation B") when NextGear required her signature on the Pakseresht Guaranty.

47. Pakseresht was required to sign the Pakseresht Guaranty solely because she is the wife of Lankarani. Pakseresht received no legal consideration supporting the Pakseresht Guaranty.

48. NextGear violated the ECOA by discriminating against Lankarani and Pakseresht with respect to a credit transaction on the basis of marital status.

49. NextGear violated Regulation B by requiring Lankarani's spouse to serve as a guarantor. 12 CFR § 202.7(d). If an additional guarantor was required beyond Lankarani, NextGear should have informed Lankarani of such and allowed him to choose the guarantor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Recoupment)

50. Pakseresht incorporates paragraphs 1 through 49 as if fully set forth herein.

51. As a result of NextGear's violations of the ECOA and Regulation B, Pakseresht is entitled to recoupment equal to the amount NextGear claims Pakseresht owes under the Pakseresht Guaranty.

## SECOND AFFIRMATIVE DEFENSE

(Illegality)

52. Pakseresht incorporates paragraphs 1 through 51 as if fully set forth herein.

53. Because of NextGear's violations of the ECOA and Regulation B, the Pakseresht Guaranty was made in violation of statute and is therefore void and unenforceable by NextGear.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

54. The claim fails because the relief sought cannot be awarded as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

55. Plaintiff has failed to mitigate its damages by allowing the practice of selling out of trust, by causing vendors and lending institutions to cease business transactions with Oregon Auto thereby precluding Oregon Auto's ability to pay NextGear, by causing transactions for the sale of NextGear collateral vehicles to unwind, and by selling repossessed vehicles for less than the amount Oregon Auto could have obtained for them and less than fair market value.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

56. Pakseresht incorporates paragraphs 1 through 54 as if fully set forth herein.

57. Due to, among other things, NextGear's actions as set forth in paragraph 54, NextGear is estopped from asserting its rights under the Pakseresht Guaranty.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

(Unconscionability)

59. The Pakseresht Guaranty is unenforceable, in whole or in part, as unconscionable.

## EIGHTH AFFIRMATIVE DEFENSE

(Lack of Consideration)

60. In the alternative, to the extent that the Pakseresht Guaranty is deemed to be valid, it lacks legal consideration to support enforcement against Pakseresht.

## COUNTERCLAIM

(Violation of Equal Credit Opportunity Act)

61. Pakseresht incorporates paragraphs 1 through 59 as if fully set forth herein.

62. NextGear obtained the Pakseresht Guaranty in violation of the ECOA and Regulation B because NextGear required the Pakseresht Guaranty solely on the basis of Pakseresht's marriage to Lankarani. As a result of this violation, Pakseresht is entitled to equitable and declaratory relief pursuant to 15 USC § 1691e (c).

63. As prevailing party, Pakseresht is entitled to her costs and attorney fees pursuant to 15 USC § 1691e (d).

WHEREFORE, Pakseresht respectfully requests that the court enter a judgment in her favor declaring that NextGear violated the ECOA and Regulation B by requiring the Pakseresht Guaranty; declaring that the Pakseresht Guaranty is void, unenforceable, canceled, and/or rescinded as a result of NextGear's violation of law; and awarding Pakseresht her costs and attorney fees for successfully defending the claims brought by NextGear in this action and for prosecuting this counterclaim.

## DEMAND FOR JURY TRIAL

64. Pakseresht hereby demands a jury trial.

## RESERVATION OF RIGHTS

65. Pakseresht reserves her right to allege additional affirmative defenses and counterclaim should they become apparent.

WHEREFORE, Pakseresht respectfully requests that the court enter a judgment in her favor and against NextGear as follows:

  A. Declaring that NextGear violated the ECOA and Regulation B;

  B. Declaring the Pakseresht Guaranty void;

  C. Awarding Pakseresht recoupment in the amount of all damages sought by NextGear for the alleged breach of the Pakseresht Guaranty;

  D. Awarding Pakseresht her attorney fees and costs; and

  E. Any such other relief as the court deems just and equitable.

Respectfully submitted this 13th day of October, 2017.

*/s/ Stephen E. Arthur*

Stephen E. Arthur, #4055-49
Charles E. Oswald, #27279-49
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: sarthur@harrisonmoberly.com
coswald@harrisonmoberly.com

*Attorneys for Defendants Reza Lankarani and Farah Pakseresht*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 13th day of October, 2017, a copy of the foregoing Defendant Farah Pakseresht's *Answer, Affirmative Defenses, Counterclaim, and Demand for Jury Trial* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

I further hereby certify that on October 13th, 2017, a copy of the foregoing Notice of Appearance was mailed, by first-class U.S. Mail, postage prepaid and addressed, to the following:

Michael G. Gibson
Amanda D. Stafford
1320 City Center Drive, Suite 100
Carmel, Indiana 46032
*Attorneys for NextGear Capital, Inc.*

*/s/ Stephen E. Arthur*
Stephen E. Arthur, #4055-49
Charles E. Oswald, #27279-49
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:      (317) 639-9565
Email:   sarthur@harrisonmoberly.com
             coswald@harrisonmoberly.com

*Attorneys for Defendants Reza Lankarani and Farah Pakseresht*